VAN ALLEN *v.* ATCHISON, COLORADO & PACIFIC RAILROAD CO.

*(Circuit Court, D. Kansas.* August 31, 1880.)

1. REMOVAL—"SUIT * * ARISING UNDER THE CONSTITUTION OR LAWS OF THE UNITED STATES"—ACT OF MARCH 3, 1875, § 2—CONSTITUTION, ART. 3, § 2.—A case arises, "under the constitution or laws of the United States," whenever, upon the whole record, there is a controversy involving the construction of either.

    *Cohens* v. *Virginia,* 6 Wheat. 264.
    *Mayor* v. *Cooper,* 6 Wall. 247.
    *Tennessee* v. *Davis,* 100 U. S. 275.

2. SAME—TRIAL TERM.—Where a state statute did not fix the time within which the pleadings should be filed, it was the duty of the state court, upon the application of the parties, to fix a time, and, having done so, the cause was not triable until issue could be joined in pursuance of the court's order.

3. SAME—BOND—SURETIES.—A federal court will not, upon motion to remand, enter upon inquiry as to the sufficiency of the sureties on a bond, conditioned as required by the removal act, and approved by the state court.

*McBride Bros.,* for plaintiff.

*W. T. S. May* and *D. Martin,* for defendant.

McCRARY, C. J. Motion to remand to state court. This is a proceeding instituted under the statute of Kansas to condemn land for railroad purposes. Laws of Kansas, 1879, p. 230.

The plaintiff's land was taken for the right of way of the defendant's railroad, and his damages were assessed by the county commissioners in accordance with the statute. The plaintiff appealed to the district court, where, in accordance with the practice in such cases, he filed a petition claiming a larger sum as damages than that allowed by the commissioners.

The defendant, answering said petition, set up as a defence that the plaintiff has no title to the *locus in quo,* and is therefore entitled to no damages.

The premises consist in part of a farm, and in part of town lots, in the town of Kernan. The answer avers that the farm is occupied by plaintiff under the homestead act of

v.3,no.10—35

congress, and that such occupancy does not constitute ownership. It is further alleged in the answer that the Kernan town lots are held by the plaintiff under the provisions of the town-site act of congress, and that he has never had possession, and his claim under said act of congress is fraudulent and void. After the filing of this answer, upon motion of defendant the cause was removed to this court on the ground that the case is one arising under the said acts of congress.

Plaintiff moves to remand, because—*First*, the case does not arise under the constitution of the United States, the laws of congress, or a treaty of the United States; *second*, the application was not filed in time; *third*, no sufficient bond is filed, as required by law.

1. That the record presents for adjudication a federal question, to-wit, the construction of the homestead and town-site acts of congress is clear; but, inasmuch as the question of the construction of these acts is raised by the answer, the question presents itself whether the case is one *arising* under them. The removal act of 1875 (section 2, act of March 3) employs, in defining the causes that may be removed, substantially the same language used in the constitution to define the jurisdiction of the federal courts:

"The judicial power shall extend to all cases in law and in equity arising under this constitution, the laws of the United States, and the treaties made, or which shall be made, under their authority." Const. art. 3, § 2.

"Any suit of a civil nature, at law or in equity, * * * arising under the constitution or laws of the United States, or treaties made, or which shall be made under their authority, * * * * either party may remove," etc. Section 2, act of March 3, 1875.

It is manifest that the words "arising under the constitution or laws of the United States" mean the same thing in the act of congress and in the constitutional provision. These words have been frequently construed by the supreme court. Thus, in *Cohens* v. *Virginia*, 6 Wheat. 264, it is said: "A case in law or equity consists of the right of one party, as well as of the other, and may truly be said to arise under the consti-

tution, or a law of the United States, wherever its correct decision depends on the construction of either." And "the rule applies with equal force where the plaintiff claims a right, and where the defendant claims protection by virtue of one or the other." Id. 379. *Mayor* v. *Cooper*, 6 Wall. 247, 253. In *Tennessee* v. *Davis*, 100 U. S. 257, the supreme court say: "Cases arising under the laws of the United States are such as grow out of the legislation of congress, whether they constitute the right, or privilege, or claim, or protection, *or defence* of the party, in whole or in part, by whom they are asserted." Id. 264. It seems to be settled by these decisions that a case arises under the constitution or laws of the United States whenever, upon the whole record, there is a controversy involving the construction of either.

2. Was the application for removal made in time? The statute requires that the removal shall be applied for before or at the term at which said cause could be first tried, and before the trial thereof. 18 St. 471.

The question here is whether, according to the practice in such cases under the law of Kansas, the case was triable at the October term, 1879. The appeal bond was filed on the first day of that term, and the case was then docketed for trial. At that time both parties applied for and obtained leave to file pleadings. If the effect of the order to file pleadings was to make the May term, 1880, the trial term, then the application was in time. It is held by the supreme court of Kansas that it is the better practice, in cases of this character, for the appellant to file a petition on taking his appeal. *R. R. Co.* v. *Orr*, 8 Kan. 419. It was in accordance with this rule that the state court ordered that the plaintiff have leave to file his petition on or before January 1, 1880, and that the defendant have leave to file its answer or demurrer on or before March 1, 1880, and that plaintiff reply on or before April 1, 1880. See transcript. I am of the opinion that the effect of this order was to make the May term, 1880, the term at which the case could first be tried. The appeal was taken by filing an appeal bond, but it was necessary, before a trial could be had, that an issue be joined, and for

that purpose something in the nature of pleadings was necessary. Inasmuch as the statute did not fix the time within which such pleadings should be filed, it was the duty of the court, upon the application of the parties, to fix a time, and, having done so, the cause was not triable until issue could be joined in pursuance of the court's order, and that was after the October term, and just in time for the May term.

3. There appears in the record a bond conditioned as required by the removal act, and approved by the state court. This court will not, upon a motion to remand, enter upon any inquiry as to the sufficiency of the sureties on said bond. That was a question for the state court.

The motion to remand is overruled.