WIGGINS' FERRY Co. *v.* CHICAGO & A. R. Co.[*]

*(Circuit Court, E. D. Missouri.* April 10, 1882.)

**1. CONSTITUTIONAL LAW—JUDGMENTS—ARTICLE 4, § 1, OF THE CONSTITUTION OF THE UNITED STATES.**

The provision of the federal constitution that " full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state," only relates to the validity and effect of judgments rendered in one state when proved in another.

**2. SAME.**

The duty of the courts of one state to follow the decisions of another, upon questions arising upon the construction of the statutes of the latter, is a duty resting upon comity, and is not imposed by the federal constitution.

**3. SAME—REMOVAL OF CAUSES.**

Where two corporations, organized under the laws of Illinois, excuted a contract to be performed in that state, which, according .o the decisions of the

*Reported by B. F. Rex, Esq., of the St. Louis bar.

supreme court of the state, they had no power to make, and which, according to said decisions, was void, and one of the contracting parties brought suit in a court of the state of Missouri, the supreme court of which had previously, in a suit between the same parties, held the contract valid, *held*, that the cause could not be removed to this court because of said failure of the supreme court of Missouri to follow the decisions of the supreme court of Illinois, the case not resting on a federal law.

Suit for a breach of contract. The case was removed to this court from the circuit court of the city of St. Louis at the instance of the defendant. He alleges, in his petition for removal, that said contract is void under the laws of Illinois and according to the decisions of the supreme court of that state, but that in a previous suit between the same parties said contract has been held valid by the supreme court of Missouri. The other material facts are sufficiently stated in the opinion of the court.

*Glover & Shepley*, for plaintiff.

*C. Beckwith* and *C. H. Krum*, for defendant.

McCRARY, C. J. Motion to remand to the state court from which the suit was removed. The plaintiff and defendant are respectively Illinois corporations, and hence, on the ground of citizenship, the case is not removable. It is contended, however, that, as plaintiff pleads by way of estoppel the determination by the Missouri courts of the main question in controversy, which, it is contended, is different from the decisions of the Illinois supreme court concerning the powers and duties of the corporate parties herein, a federal question is presented within the meaning of the federal statutes. Ordinarily the federal courts follow the decisions of the state courts in the construction of their constitutions and statutes; but when state courts, not observing such comity, put different constructions upon a contract between local corporations, does that fact make the case one resting upon federal law?

It is said the Missouri supreme court has not given "full faith and credit" to the Illinois constitution, statutes, and decisions; and consequently the suit in question involves *in limine* the question as to faith and credit to be given to Illinois decisions, etc. If the point is well taken, all conflicts of decisions as to contracts within the different jurisdictions can be drawn into federal courts. It does not follow that when state courts differ, as suggested, a federal question becomes the main one in the suit, whereby the federal court is to oust a state court from its jurisdiction, and proceed to determine authoritatively which of the respective decisions is correct. It is true that federal courts follow the interpretation, by courts of last resort of the respect-

ive states, of their constitutions, and generally of their statutes and contracts made thereunder. It is contended in this case that the supreme court of Missouri did not follow that rule, and therefore "full faith and credit" not having been given in Missouri "to the public acts, records, and judicial proceedings" of the state of Illinois, there is ground for removal, because the case is one "arising under the constitution and laws of the United States;" nor is it essential to the decision thereof that the United States constitution or laws should be primarily determined. In the light of the many federal decisions on this question, this case is not one within the purview of federal jurisdiction, unless the point stated as to the differences between the Missouri and Illinois courts brings it within the rule as to removals. It is admitted, apparently at least, that the sole ground of removal rests upon the alleged difference of opinion between the two state courts; but that difference does not, in the opinion of this court, bring the case within the rule governing removals.

Counsel for defendant have, we think, mistaken the meaning of the constitutional provision upon which they rely. It is a provision which relates only to the validity and effect of a judgment rendered in one state when proved in another. The colonies had been deemed foreign to each other, and the general rule of the common law, recognized both in England and America, was that foreign judgments were only *prima facie* evidence of the rights which they purported to have settled.

The framer of the constitution may have apprehended that for many purposes the states of the Union about to be formed might be held to be foreign to each other. There was reason to fear that, if left to themselves, the states, or some of them, might assert the right to inquire into the merits of controversies once settled by judgments in the courts of sister states. The evils which would have resulted from a general system of re-examination of the judicial proceedings of other states are apparent, and for reasons such as these, says Judge Story, the framers of the constitution "intended to give, not only faith and credit to the public acts, records, and judicial proceedings of each of the states, such as belonged to those of all foreign nations and tribunals, but to give to them full faith and credit; that is, to attribute to them positive and absolute verity, so that they cannot be contradicted, or the truth of them denied, any more than in the state where they originated." 2 Story, Const. (3d Ed.) § 1310.

This, however, is the full scope of the constitutional provision. It relates only to the conclusiveness of such judgments as between the

parties to them and their privies. It does not require that judgments in one state shall be followed by the courts of other states as matter of authority in other similar cases. The constitution does not deal with the question of the effect of such judgments as precedents, nor with the opinions of the courts rendering them. It does not require the courts of one state to follow those of another upon any question, whether upon the construction of local statutes or otherwise. There may, it is true, be cases in which a state law or decision has entered into and become a part of a contract in such a way, or that a change of the law or a reversal of the decision would impair its obligation, but in those cases the federal question would arise under a different provision of the constitution. The duty of the courts of one state to follow those of another, upon questions arising upon the construction of the statutes of the latter, is a duty resting alone upon *comity*, and not one imposed by the federal constitution. These are the views of this court, but the points presented are new and important, and call for authoritative determination. The motion to remand is, therefore, sustained, and the defendant may take an exception.

TREAT, D. J., concurred.

### NOTE.

The terms "faith" and "credit," as used in article 4, § 1, of the constitution of the United States, point to the attributes and qualities which judicial proceedings and records shall have as evidence;(a) and the object of the section is to declare that full faith and credit shall be given to such, the manner of authenticating the same, and their effect when properly authenticated.(b) The object of this clause was to preclude judgments from being disregarded in other states, when a proper tribunal, with competent jurisdiction, had rendered them;(c) but only so far as they have jurisdiction,(d) the record being subject to contradiction as to facts necessary to give jurisdiction;(e) as where judgment was rendered against a citizen of another state not served with process, and who did not voluntarily appear.(f) The constitution has effected no change in the nature of a judgment;(g) it simply places judgments in another state on a different footing from what are commonly called foreign judgments, as to their force and effect.(h) The judgment of a state court has the same validity, credit, and effect in any state that it has in the state where rendered,(i) and where jurisdiction attaches it is conclusive as to its

(a) McElmoyle v. Cohen, 13 Pet. 312; Carter v. Bennett, 6 Fla. 214; Joice v. Scales, 18 Ga. 725; Brengle v. McClellan, 7 Gill & J. 434; Shelton v Johnson, 4 Sneed, 672.

(b) McGraw v. Watrous, 16 Tex. 509.

(c) People v. Dawell, 25 Mich. 247.

(d) D'Arcy v. Ketchum, 11 How. 165.

(e) Thompson v. Whitman, 18 Wall. 457; Pennywit v. Foote, 27 Ohio St. 600.

(f) D'Arcy v. Ketchum, 11 How. 165.

(g) McElmoyle v. Cohen, 13 Pet. 312.

(h) Olden v. Hallet, 2 South. N. J. 466; Gibbons v. Livingston, 6 N. J. L. 236.

(i) Westervelt v. Lewis, 2 McLean, 511; Warren Manuf'g Co. v. Ætna Ins. Co. 2 Paine, 502; Hampton v. McConnel, 3 Wheat. 234; Mayhew v. Thatcher, 6 Wheat. 129; Sarchet v. The Davis, Crabbe, 185; Houston v. Dunn, 13 Tex.476; Benton v. Burgot, 10 Serg. & R. 242; Green v. Sarmiento, 3 Wash. C. C. 17; Bank of Ala. v. Dalton, 9 How.

merits;(*j*) but no greater effect can be given than is given in the state where rendered.(*k*)

To the end in view congress·has full power to legislate as to the effect of judicial proceedings in the courts of the states and territories.(*l*) The authenticity of a judgment and its effect depend upon the law made in pursuance of the constitution,(*m*) which declares that congress may mark out the effect and define the general power given,(*n*) and to give a conclusive effect to judgments in state courts.(*o*) The constitution does not confer the power to give to a judgment all the legal properties, rights, and attributes to which it is entitled by the laws of the state where rendered,(*p*) nor that the effects and consequences of a litigation shall follow it into other states,(*q*) nor to extend the local jurisdiction or the operation of a local decree.(*r*)

As to the right of removal, it is not sufficient that the constitution and laws of the United States are only incidentally drawn in question;(*s*) as where a party claims title under an act of congress.(*t*) So a national bank cannot remove merely because it derives its existence under a law of the United States.(*u*) It is only where the correct decision of a case depends upon the construction of either, or where it involves any question under either, or under a treaty, that the right attaches;(*v*) or where the decision involves a federal question.(*w*)—[ED.

522; Mills v. Duryee, 7 Cranch, 484; Whitwell v. Barbier, 7 Cal. 54.

(*j*) McElmoyle v. Cohen, 13 Pet. 312; Christmas v. Russell, 5 Wall. 302; U. S. Bank v. Merchants' Bank, 7 Gill, 430; Bissell v Briggs. 9 Mass. 462; Ingram v. Drinkard, 14 Tex. 352.

(*k*) Public Works v. Columbia College, 17 Wall. 529; Suydam v. Barber, 18 N. Y. 468.

(*l*) Hughes v. Davis, 8 Md. 271; Duvall v. Fearson, 18 Md. 502. But see Adams v. Way, 33 Conn. 419; Haggin v. Squires, 2 Bibb, 334; Seton v. Hanham, R. M. Charlt. 374.

(*m*) McElmoyle v. Cohen, 13 Pet 312.

(*n*) Curtis v. Gibbs, 1 Pen. N. J. 379.

(*o*) Mills v. Duryee, 7 Cranch, 481; McElmoyle v. Cohen, 13 Pet. 312; Warren Manuf'g Co. v. Ætna Ins. Co. 2 Paine, 501; Green v. Sarmento, Pet. C. C. 74; S. C. 3 Wash. C. C. 17.

(*p*) Brengle v. McClellan, 7 Gill & J. 434.

(*q*) Shelton v. Johnson, 4 Sneed, 672.

(*r*) Bowen v. Johnson, 5 R. I. 112.

(*s*) State v. Bowen, 8 Rich. (N. S.) 382.

(*t*) Hoadley v. San Francisco, 94 U. S. 4; S. C. 3 Sawy. 553; Trafton v. Nougues, 4 Sawy. 178.

(*u*) Pettilon v. Noble, 7 Biss. 449; Wilder v. Union Nat. Bank, 15 Chic. L. N. 75.

(*v*) Gold W. & W. Co. v. Keyes, 96 U. S. 199; Connor v. Scott, 4 Dill. 242.

(*w*) Connor v. Scott, 4 Dill. 242.