## WILLARD, Trustee, *v.* MUELLER.[1]

*(Circuit Court, S. D. Ohio, W. D. March 21, 1885.)*

REMOVAL OF CAUSE—FEDERAL QUESTION—SECTION 3477, REV. ST.

Complainant brought suit in a state court to subject a judgment, obtained by the defendant against the United States in the court of claims, to the payment of a judgment he had against defendant, and for injunction to restrain defendant from collecting, transferring, or otherwise disposing of said claim against the government, and for the appointment of a receiver to collect and hold the fund. The suit was removed to the United States court, and upon motion to remand, *held*, that the suit involved the construction of section 3477, Rev. St., which declares that all "transfers and assignments made of any claim upon the United States, * * * shall be absolutely null and void, unless they are freely made, and executed in the presence of at least two attesting witnesses," etc., and the motion was therefore denied.

On Motion to Remand.

*Long, Avery, Kramer & Kramer,* for motion.

*Lincoln, Stephens & Lincoln,* contra.

BAXTER, J.    This suit, commenced in the common pleas court of Hamilton, Ohio, was, on the defendant's application, transferred to this court for trial.    The removal was under the act of March 3, 1875. The complainant moves here to remand it.    The complainant seeks, through the aid of a court of equity, to seize $22,000, adjudged by the court of claims to be due from the United States to the defendant, and have the same applied in part payment of a judgment for a larger amount which he holds against the defendant.    As a basis for this relief he alleges that the defendant has no property subject to execution, and that he is about to assign his said claim on the government, to prevent the complainant and other creditors from subjecting it to the payment of his debts.    Wherefore, he prays for an injunction to restrain defendant from either collecting, transferring, or otherwise disposing of said claim, and for the appointment of a receiver to collect and hold the fund subject to the order of the court.    Both parties being citizens of Ohio, the motion to remand must prevail, unless the controversy involves some federal question.

The government is not and cannot be made a party to this litigation, and I presume would not respect any order which the court might make, directed to the officer charged with the duty of paying the defendant's claim.    Whether it would recognize an assignment or power of attorney executed by the defendant under judicial coercion to the court's receiver, is not important to this inquiry.    It is certain that a decree compelling the defendant to assign his claim or to execute a power of attorney, authorizing its collection, is the only possible way for the court to obtain possession and control of the money sought to be reached.    But the defendant contends that he is protected against

---

[1] Reported by Harper & Blakemore, Esqs., of the Cincinnati bar.

any such decree by the 3477th section of the Revised Statutes, which declares that all "transfers and assignments made of any claim upon the United States, or any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of such claim, or any part thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such claim, the ascertainment of the amount due, and the issuing of the warrant for the payment thereof."

The complainant's counsel responds that he has invoked no such relief; that he has not asked for a decree either to compel an assignment or the execution of a power of attorney. We concede that he does not expressly pray for this specific relief. But such relief is within the scope of his bill, and included in his prayer for general relief. The controversy, therefore, necessarily involves the consideration of the foregoing enactment. The defense arises under it, and the defendant has the right, under the act of March 3, 1875, to have the questions thus raised passed upon by this court. It follows that in the judgment of this court the transfer of the case from the state to this court was proper, and the motion to remand will be disallowed.

---

"A case in law or equity consists of the right of one party as well as of the other, and may properly be said to arise under the constitution or a law of the United States, whenever its correct decision depends on the construction of either. Cases arising under the laws of the United States are such as grow out of the legislation of congress, whether they constitute the right or privilege or claim or protection or defense of the party, in whole or in part, by whom they are asserted." [1]

"If a federal law is to any extent an ingredient of the controversy by way of claim or defense, the condition exists upon which the right of removal depends, and the right is not impaired because other questions are involved which are not of federal character." [2]

That the "right, privilege, claim, protection, or defense," under the constitution and laws of the United States, is well taken, is not the criterion of jurisdiction. In action against a railway company for unjust discrimination in its tolls, it defended on the ground that the statute under which the plaintiff sought to recover impaired the obligation of the contract contained in its charter. Judge DRUMMOND said: "The only point we can consider here is whether there appears to be such a question in the case, not whether the immunity claimed by the defendant can be sustained. * * * The only question is whether such a claim can be fairly made under it, so as to raise a constitutional question." [3]

It is not sufficient that it is *claimed* that the case raises a federal question.

[1] Railroad Co. v. Mississippi, 102 U. S. 135, HARLAN, J.

[2] W. U. Tel. Co. v. National Tel. Co. 19 Fed. Rep. 561, WALLACE, J.; Frank G., etc., Co. v. Larimer, 8 Fed. Rep. 724; Mayor v. Independent Steam-boat Co. 22 Fed. Rep. 801; Rothschild v. Matthews, Id. 6; Van Allen v. Railroad Co. 1 McCrary, 598; S. C. 3 Fed. Rep. 545; Connor v. Scott, 4 Dill. 242.

[3] People of Ill. v. Chicago, B. & Q. R. Co. 16 Fed. Rep. 706.

The court must be satisfied that such question fairly arises out of the controversy. If the court finds the claim unfounded, the case will be remanded.[1]

The fact that the title of the thing in dispute is derived from the United States does not of itself make the question one of federal jurisdiction.[2]

Section 3477, Rev. St.: "No language could be broader or more emphatic than these enactments. * * * The statute strikes down and denies any effect to powers of attorney, orders, transfers, and assignments which before were good in equity." [3]

Assignments in bankruptcy, by descent or devise, or voluntary assignments under the state insolvent laws, have been held to be good.[4]—[REPS.

[1] Mayor v. Independent Steam-boat Co. 22 Fed. Rep. 801; Rothschild v. Matthews, Id. 6.

[2] Hoadley v. San Francisco, 94 U. S. 4; Albright v. Teas, 106 U. S. 618; S. C. 1 Sup. Ct. Rep. 550.

[3] U. S. v. Gillis, 95 U. S. 407, 413, 414; Spofford v. Kirk, 97 U. S. 484-488.

[4] U. S. v. Gillis, 95 U. S. 407; Erwin v. U. S. 97 U. S. 392; Goodman v. Niblack, 102 U. S. 560.