[No. 13877.  Department One.  April 11, 1917.]

PATRICK McDONALL, *Appellant*, v. MARY McDONALL, *Respondent.*[1]

DIVORCE—DECISION.  The granting of a divorce to both parties will not be modified where one of the parties was entitled to the decree.

SAME—DIVISION OF PROPERTY.  Where a divorce is granted to the husband for desertion and the children are awarded to the defendant wife, she is entitled to some part of the property.

APPEAL—REVIEW—EVIDENCE.  An award dividing property upon granting a divorce will not be disturbed where there is nothing in the record showing its value.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 26, 1916, granting a divorce, after a trial to the court.  Affirmed.

*Walter B. Allen*, for appellant.

*M. H. Ingersoll*, for respondent.

ELLIS, C. J.—Plaintiff brought this action seeking a decree of divorce from defendant on the grounds of cruelty and abandonment.  Defendant, by cross-complaint, sought a decree in her favor on the ground of cruelty.

The parties were married on August 18, 1898.  They have two children, daughters, aged, respectively, sixteen and ten years.  Shortly before the marriage, plaintiff purchased lots 6, 7, 8 and 9, in block 8, Fern addition to Seattle, for $450, of which he paid $300 at the time, giving a mortgage on the property for the balance of $150.  This mortgage was paid off subsequent to the marriage.  These four lots are now, however, covered by a mortgage for $500.  There is a small five or six room house, some fruit trees, a barn, chicken house and garden on these lots.  In 1904, the parties purchased two lots in Sumas, Whatcom county.  The family

[1]Reported in 164 Pac. 204.

lived upon the Seattle premises until August, 1907, about which time plaintiff's mind became unsettled, and he, without cause, conceived the idea that defendant was unfaithful. Plaintiff is and has always been a sober, industrious laboring man, kind to the children, and there is no specific evidence of any act of cruelty on his part toward defendant, save that of entertaining and expressing this delusion and making vague threats touching it.

About the middle of August, 1907, while plaintiff was absent at work, defendant went to Sumas, taking the two children with her. Upon complaint of his mother-in-law, plaintiff was committed by the superior court of King county to the hospital for the insane at Steilacoom, where he remained until May, 1908, receiving his final discharge in 1909.

Defendant, claiming to be afraid of him, has ever since refused to return to his home or to live with him, and has remained in Whatcom county, teaching school. Plaintiff has made no further threats nor evinced any sign of a recurrence of insanity or delusions. He has contributed as liberally as his means would permit to the support and education of the children.

The trial court found that each of the parties had been guilty of acts of cruelty toward the other, and awarded to each a decree of divorce. The custody and control of the children was awarded to defendant, subject to the right of plaintiff to visit them at all reasonable times. Defendant was awarded the Sumas lots, and also lots 6 and 7 of the Seattle property, subject to the payment of one-half of the mortgage on the four Seattle lots. Plaintiff was awarded the other two Seattle lots (upon which it seems to be conceded are located the house and most of the improvements), subject to the payment of one-half of the mortgage debt. It was further ordered that plaintiff pay the defendant $20 a month toward the support of the children. Plaintiff appeals.

It is first contended that the court erred in granting respondent a decree of divorce, and that appellant alone was

entitled to such decree.   In this we are inclined to agree with
appellant.   There was little evidence of actual cruelty on
either side.   Respondent, however, did desert appellant and,
while she may have been justified in doing so through fear
of him while his mind was temporarily unsettled, several years
have intervened since that time, during which she has steadily
refused to return to him, though he has been and is entirely
sane, has made no threats of any kind, and has evinced a
kindly feeling for her and a deep affection for the children.
His charge of desertion was amply sustained.   But it would
be idle to modify the decree so as to give the divorce to ap-
pellant alone.   Such a decree would release both parties as
effectually as does the divorce given to both.   *Schirmer v.
Schirmer*, 84 Wash. 1, 145 Pac. 481; *Hilleware v. Hilleware*,
92 Wash. 99, 158 Pac. 999.

Appellant's main contention is that the division of the
property was unjust.   Respondent was awarded the custody
of the children.   It is not claimed that she is not a fit person
to have their care and control.   Her character is in no man-
ner assailed.   Having this care, she is certainly entitled to a
share of the property.   The record is silent as to the present
value of any of the lots.   If the division made by the court is
unjust, we have no means of knowing it, nor are we possessed
of any facts upon which to base a different division.

Some complaint is made of the provision allowing respond-
ent $20 a month toward the support of the children.   There
is no claim that this is more than appellant can afford to pay.
In fact, there is evidence tending to show that during much
of the time since his release from the asylum he has been vol-
untarily contributing at least that amount.

The decree is affirmed.

CHADWICK, MAIN, and WEBSTER, JJ., concur.