[Civ. No. 7558. Second Appellate District, Division Two.—January 7, 1931.]

In the Matter of the Estate of C. M. BRANNON, Deceased. MRS. LILLIAN BRANNON, Respondent, v. JENNIE LEE BRANNON, Appellant.

Andreani, Haines, Bisher & Carey and McAdoo, Neblett, O'Connor & Claggett for Appellant.

Call & Murphey and Walter E. Bennett for Respondent.

CRAIG, J.—On December 30, 1920, C. M. Brannon made his last will and testament, by which he gave, devised and bequeathed to Jennie Lee Brannon, his wife, and to Mrs. Lillian Brannon, a former wife, his entire estate, real and personal, designating the latter as executrix. The widow appeals from an order and judgment admitting said will to probate and appointing the executrix so designated, and from an order and judgment denying her own petition for letters of administration.

While living with the contestant the decedent executed his will, the material parts of which provided as follows: "I give, bequeath and devise to Jennie L. Brannon, my present wife, in fee simple, all that certain lot, tract or parcel of land," which they then occupied as a residence. "I give, bequeath and devise to Mrs. Lillian Brannon, my former wife, all the residue of my estate, whether real or personal." "Should either of the beneficiaries under this my will, object to the probate thereof, or in anywise, directly or indirectly, contest or aid in contesting the same, or any of the provisions thereof, or the distribution of my estate thereunder, then and in that event I annul any bequest

herein made to such beneficiary, and it is my will that such beneficiary shall be absolutely barred and cut off from any share in my estate, and in such event, I hereby give, bequeath and devise all of my estate to the beneficiary above named who does not contest this will.'' About four months thereafter the testator's wife obtained a decree of divorce which, pursuant to a mutual property settlement, awarded to her the property devised and bequeathed to her by the testamentary disposition. In July, 1923, the parties remarried, said property was sold, the proceeds therefrom were invested by Jennie Lee Brannon in another home which she purchased in the name of herself and her husband as joint tenants, and they resided thereon until his demise. It is contended that since the testator ''married, and the wife survives the testator, the will is revoked'' by the provisions of section 1299 of the Civil Code. Said section reads as follows: ''If, after making a will, the testator marries, and the wife survives the testator, the will is revoked, unless (1) provision has been made for her by marriage contract, or (2) *unless she is provided for in the will,* or (3) in such way mentioned therein as to show an *intention not to make such provision;* and no other evidence to rebut the presumption of revocation must be received.''

██ The purpose and effect of these provisions was to dispense with the doctrine of an implied revocation. ██ In an appropriate case it will be presumed that an altered intention arises from a change of circumstances, so that had the will been made under altered conditions the testator would have made a different disposition of his estate. (*In re Comassi's Estate,* 107 Cal. 4 [28 L. R. A. 414, 40 Pac. 15, 16]; *In re Meyer's Estate,* 44 Cal. App. 289 [186 Pac. 393].) The question then suggests itself: ''For what new condition or relationship must it be said that the testator might have intended to provide? In what did the resumed marital obligations of C. M. Brannon at the time of his death at the residence which appellant received differ from conditions existing at the date of his will, or from conditions which we must assume that he would have provided for had he made a subsequent will? We think merely to recite them is to state one and the same thing.

██ A judicial severance of the marital relations by decree of divorce does not create an altered condition affecting

the validity of prior testamentary dispositions. (*In re Patterson's Estate,* 64 Cal. App. 643 [222 Pac. 374].) ■ We may not read into the statute an exception not incorporated therein by the legislature, nor may a will be revoked by implication. (*In re Appenfelder's Estate,* 99 Cal. App. 330 [278 Pac. 473].) ■ The implied construction of appellant that if, after making a will, the testator *remarries* his spouse and the wife survives him the will is revoked *notwithstanding* that she is provided for therein, then falls of its own weight. ■ And the contestant is not aided by argument that her sale of the property willed to her was inconsistent with the devise thereof, within the interpretation of section 1304 of the Civil Code by *Estate of Benner,* 155 Cal. 153 [99 Pac. 715], and like cases. It cannot be said that her acceptance and conveyance of the property intended for her and investment of the proceeds for her own benefit was inconsistent with the presumed intention of her husband as indicated by the terms of his will. ■ Courts in interpreting a will are not concerned with the amount of the testator's bounty. (*In re Appenfelder's Estate, supra.*) He is not legally required to include a relative or friend, nor to make a just or a natural will. (*Estate of McDevitt,* 95 Cal. 17 [30 Pac. 101]; *Estate of Langford,* 108 Cal. 608 [41 Pac. 701]; *Estate of Wilson,* 117 Cal. 262 [49 Pac. 172, 711].) ■ Appellant was "provided for in the will", under conditions unchanged by marriage and of which C. M. Brannon expressly stated that he was cognizant when it was executed, and she cannot be heard to complain of a provision deemed inadequate.

The only remaining question of importance which is presented is as to whether or not if intentionally disinherited, appellant was "in such way mentioned therein as to show an intention not to make such provision" for her. We think this is answered affirmatively by the rule announced in *In re Kurtz's Estate,* 190 Cal. 146 [210 Pac. 959], that the wife may be "mentioned" by any description that would include her, but in view of the conclusion reached herein, further discussion of the point becomes unnecessary.

The orders and judgments from which appeals are taken are affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1931.