# GEORGE W. HUGHES *vs.* JOHN T. DAVIS.

The act of Congress of 1804, ch. 56, extending the provisions of the act of 1790, ch. 11, to the records and courts of the respective *Territories* of the United States, is a constitutional exercise of the legislative power of Congress.

This act being constitutional, *nil debet* is not a proper plea to an action of debt brought in this State upon a judgment recovered in the circuit court for the District of Columbia.

APPEAL from the Circuit Court for Anne Arundel county.

*Debt*, by the appellee against the appellant, upon a judgment recovered in the circuit court for the District of Columbia. Plea, *nil debet*, to which the plaintiff *demurred*. A record of the judgment, with a transcript of the whole proceedings in the district court, was filed in the case. The court, (BREWER, J.,) sustained the demurrer and gave judgment thereon for the plaintiff, from which the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Henry M. Murray* for the appellant. The *first* section of the *fourth* article of the Constitution of the United States declares, that "Full faith and credit shall be given in each *State* to the public acts, records and judicial proceedings of every other *State;* and the Congress may, by general laws, prescribe the manner in which *such* acts, records and proceedings shall be proved, and the effect thereof." This clause of the constitution is the only one under which Congress could have derived the power to pass the acts of 1790 and 1804, and it confers no power upon that body to enact, that full faith and credit shall be given to the judicial proceedings of *Territories;* but only to those of *States.* That the District of Columbia is not a *State,* within the meaning of this clause of the constitution, has been decided by the Supreme *Court* of the United States, in the case of *Hepburn vs. Ellzey,* 2 *Cranch,* 452. Congress has as much power to declare the judicial proceedings of England entitled to the same faith and credit which the constitution gives to the judicial proceedings of the States, as it has to declare that such faith and credit shall be given to the judicial proceedings of *Territories.* There is no warrant to be found in the constitution for the supplemental act of 1804, ch. 56, extending the provisions of the act of 1790 to the records and courts of the *Territories,* and such legislation is therefore *void.* If the act of 1804, ch. 56, be unconstitutional, there is no statutory mode of authenticating such a record as the one in the present case, and it must be left to the States to declare what shall be the attributes of authenticity. A judgment of the circuit court of the District of Columbia is not recognised by the constitution or acts of Assembly of Maryland, nor by the Constitution of the United States, and is, therefore, in the category of *foreign* judgments, to which the plea of *nil debet* is allowable and the only proper plea.

*Frank H. Stockett* for the appellee. For more than *fifty-two years* since its enactment, the *constitutionality* of the act

of Congress of 1804, ch. 56, has never *been questioned.* It is referred to in 3 *Story's Com. on the Cons., sec.* 1307, *note* 1, and by Chancellor Kent, and has always been acted upon as a constitutional exercise of the power conferred upon Congress, without question from any quarter. If the strict construction of the constitution contended for on the other side be the true one, then the act of 1790, ch. 11, is unconstitutional, for it gives effect to judgments of the States in *any of the courts* of the country, not confining them to the courts of the *States.* 7 *Cranch,* 481, *Mills vs. Duryee.* If these acts be, as we insist they are, constitutional, then it is conceded that the plea of *nil debet* is not a good plea in this case.

Le Grand, C. J., delivered the opinion of this court.

This was an action of debt, brought in the circuit court for Anne Arundel county, on a judgment obtained by the appellee against the appellant in the District of Columbia. The defendant pleaded *nil debet,* to which the plaintiff demurred. The court sustained the demurrer and gave judgment for the plaintiff. From this judgment the appeal is taken.

It is conceded that the plea of *nil debet* is not a proper plea, if the act of March 27th, 1804, be a constitutional exercise of the legislative power of Congress. That act extended the provisions of the act of May 26th, 1790, to the records and courts of the respective Territories of the United States, and countries subject to the jurisdiction of the United States, as well as to the records and courts of the several States.

On the behalf of the appellant it is contended, that Congress had no power to pass this act of 1804: that the fourth article of the Constitution of the United States only authorises Congress to prescribe, by general laws, the manner in which the records and judicial proceedings of the States shall be proved, and that inasmuch as the District of Columbia is not a State, the act of 1790 does not relate to the judgment sued upon in this case.

The necessity of such an enactment as that of 1804 must be conceded by all, and inasmuch as it has, so far as we are informed, been treated ever since its passage as a constitutional

35    v.8

exercise of the power of Congress, we do not feel at liberty to declare it to be otherwise.

In the writings of Justice Story and Chancellor Kent on the constitution, as well as in a great number of decided cases, the act of 1804 is referred to and has been acted upon without the slightest suggestion from any quarter of its unconstitutionality.

*Judgment affirmed.*