(Decided July 9th, 1862.)

---

ROBERT E. DUVALL *vs.* JOSEPH N. FEARSON.

Neither *nil debet*, nor *limitation* of *three years*, can be pleaded to a judgment of a court of another State, or of the District of Columbia: limitations of *twelve years* (when limitation is relied on) is the only defence which can be pleaded to such judgment.

APPEAL from the Circuit court for Harford County.

*Debt*, brought April 14th, 1856, by the appellee against the appellant, on a judgment of the Circuit court of the District of Columbia, recovered April 6th, 1847, by the plaintiff against the defendant and another. Pleas 1st, *nul tiel record;* 2nd, payment; 3rd, *nil debet;* 4th, *actio non accrevit infra tres annos.* Demurrer to the *third* and *fourth* pleas sustained by the court (PRICE, J.) and appeal by the defendant from the judgment thereon, in favor of the plaintiff. The defendant confessed judgment on the *first* and *second* pleas, reserving his right of appeal from the judgment on the demurrer.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Henry W. Archer*, for the appellant:—The plea of *nil debet* must be abandoned, in view of the case of *Hughes vs. Davis*,

8 *Md. Rep.*, 271, but the plea of limitations, it is submitted, is good. This plea does not question the validity of the judgment, nor deny to it "full faith and credit," and has been held good in several cases. *Angell on Lim.*, 169, 170. 11 *Johns.*, 168, *Bissell vs. Hall.* 13 *Pet.*, 312, *McElmoyle vs. Cohen.* The principle we contend for, is fully recognized and established in *Brengle vs. McClellan*, 7 *G. & J.*, 443, where the court held, that the judgment of another State, though conclusive, *can rank only as a simple contract claim.* Full faith and credit is to be given to it,—its validity is not to be questioned, but in other respects it stands upon the footing of a foreign judgment, or claim upon simple contract. The case of *Merchants Bank*, 7 *Gill*, 415, is not in conflict with the decision in *Brengle vs. McClellan*, but on the contrary, the principle in that case is re-affirmed in 7 *Gill*, 436, 437, where the court say, "that the judgment of a sister State, does not have an extra-territoral operation;—that it does not carry with it into another State the efficacy of a judgment." When it is said to be put upon the footing of a domestic judgment, it is not meant that it has the force of a domestic judgment beyond the jurisdiction declaring it to be a judgment, but "a domestic judgment, as to the merits of the claim." Now the plea of limitations does not controvert the merits of the claim, nor any matter established by the judgment;—full faith and credit are given to the judgment;—its validity and conclusiveness are not questioned, and if, as the court say in 7 *G. & J.*, 435, it stands in other respects upon the footing of a foreign judgment or claim upon simple contract, our plea of limitations is good.

*Otho Scott*, for the appellee:—The plea of *nil debet* is given up on the authority of *Hughes vs. Davis*, and if so, it must be because the judgment is not *a simple contract debt.* How can limitations of *three years*, be pleaded to such a judgment? The judgment converts the debt or claim into a *debt of record*, to which under our statute of limitations *twelve years* only is a bar to the remedy. The case in 7 *Gill*, 426, settles the question on this point.

GOLDSBOROUGH, J., delivered the opinion of this court.

The appeal in this case was taken from a judgment of the Circuit court for Harford county, rendered in favor of the appellee, upon his demurrer to the third and fourth pleas of the appellant, pleaded to an action of debt, on a judgment rendered in favor of the appellee, in the Circuit court of the District of Columbia. The pleas to which the appellee demurred, were *nil debet* and the statute of limitations, that the action did not accrue within *three years* before the issuing of the original writ in this cause.

The judgment of the court below is correct, and must be affirmed. As to the plea of *nil debet*, the case of *Hughes vs. Davis*, 8 *Md. Rep.*, 271, is conclusive. This court, in that case, not only sustained the demurrer to a similar plea, but fully recognized the constitutional exercise of the legislative power of Congress, in passing the Act of the 26th of May, 1790, and also the Act of the 27th of March, 1804, extending the provisions of the Act of 1790 to the records and courts of the respective territories of the United States, including the District of Columbia.

In view of this judicial interpretation given to the Act of 1804, by which records and courts of the respective territories, and the judgments of those courts are placed upon an equality with judgments of a State court, it is only necessary, upon the questions raised in this record, to inquire, what is the effect of a judgment in the State where it is rendered? In the case of *The Bank of the United States, vs. The Merchants Bank of Baltimore,* 7 *Gill*, 415, this interesting question was elaborately considered, and many authorities reviewed. This court, in that case, say that such judgments "are record evidences of debt, or judgments of record, to be contested only in such way as judgments of record may be; and consequently are conclusive upon the defendant in every State, except for such causes as would be sufficient to set aside a judgment in the courts of the State in which it was rendered. In other words, if a judgment is conclusive in the State where it is pronounced, it is equally

conclusive every where in the States of the Union." Again, this court, in 7 *Gill*, quote from the decision of the Supreme Court, in 13 *Peters*, 325, as follows: "The judgment is put upon the footing of a domestic judgment; by which is meant, not having the operation and force of a domestic judgment, beyond the jurisdiction declaring it to be a judgment, but a domestic judgment, as to the merits of the claim, or subject matter of the suit. By the Law of the 26th of May, 1790, the judgment is made a *debt of record*, not examinable upon its merits: but it does not carry into another State the efficacy of a judgment upon the property or person, to be enforced by execution."

It must then be apparent, that the judgment which is the cause of action in this case, cannot be affected by the plea of the statute of limitations, as pleaded by the appellant, but would be subject to such defence, only, (when limitation is relied on) as is provided by the 6th section of the Act of 1715, chapter 23.

Finding no error in the ruling of the Circuit court upon the demurrer, and the judgment upon the first and second pleas having been confessed by the appellant, the judgment will be affirmed. *Judgment affirmed.*

(Decided July 9th, 1862.)