ORLANDO B. TURRELL *vs.* GEORGE B. WARREN and another.

## April 18, 1878.

*Action to Determine Adverse Claims—Mortgage Lien.—Bidwell* v. *Webb,* 10 Minn. 41 (59,) and *Brackett* v. *Gilmore,* 15 Minn. 245, followed on the point that a mortgage lien upon real property is not an estate or interest therein, within the meaning of Gen. St. *c.* 75, § 1.

U. S. Circuit Court—Effect of Judgments.—A judgment rendered by the circuit court of the United States for the district of Minnesota occupies the same footing as a domestic judgment of a superior court of record of this state. Its validity cannot be impeached, in a collateral proceeding, by parol proof showing that no jurisdiction was ever in fact acquired over the person of the defendant therein. Jurisdiction is conclusively presumed, unless the contrary affirmatively appears upon the face of the record.

The plaintiff brought this action in the district court for Ramsey county, under Gen. St. *c.* 75, § 1, to determine the adverse claims of the defendants to a portion of lot 6, in block 34, in the city of St. Paul, alleged in the complaint to be in the possession of the plaintiff. The defendant Charles Harbert, in his separate answer, alleged title in fee and right of possession in himself, and a wrongful eviction by the plaintiff. The defendant Warren, in his separate answer, claimed to have a lien on the premises by virtue of a mortgage made to him by Richard W. McCloud and John McCloud, jr., the former owners. The action was tried before *Wilkin,* J., who found as facts that on March 18, 1859, Richard W. McCloud and John McCloud, jr., were the owners in fee of the premises in question, and on that day mortgaged them to Israel G. Lash; and on August 11, 1859, they made a second mortgage to the defendant Warren, both mortgages being duly recorded. On October 24, 1859, the McClouds conveyed the premises to the defendant Harbert, by deed which was duly recorded. On July 31, 1860, Lash brought suit in the United States circuit court for Minnesota, to foreclose his mortgage, against the McClouds, Harbert and Warren, describing himself, in his

bill, as a citizen of North Carolina, the McClouds as citizens of Minnesota, Warren as a citizen of New York, Harbert and John McCloud and Lewis Dumas, (who were also made defendants,) as citizens of Pennsylvania. The bill was taken as confessed by the defendants therein, and the cause referred to a master to take the proofs and report the amount due, upon the coming-in of whose report the cause was heard, on the bill and report, at the October term, 1860, and a decree of foreclosure of the mortgage and for a sale of the mortgaged property was entered, pursuant to which decree the premises were sold on June 17, 1861, to Lash, the mortgagee, which sale was confirmed by the court.

On January 24, 1865, no redemption having been made, the master who made the sale duly executed and delivered to Lash a deed of the premises, which was duly recorded.

At the date of the mortgage to Lash, the McClouds, the mortgagors, were residents and citizens of Minnesota. Richard W., in September, 1866, removed to Wisconsin, of which state he has ever since been a citizen and resident, and John removed, in the year 1871, to the same state, where he has ever since been a citizen and resident. Lash, at the date of the mortgage to him, was and ever since has been a citizen and resident of North Carolina. The defendant Warren has always been a citizen and resident of New York, and the defendant Harbert of Pennsylvania.

After the conveyance to Harbert, the McClouds remained in possession of the premises, with Harbert's consent, until after the sale under the decree, when, without Harbert's knowledge or consent, they surrendered possession to Lash, who held possession of the premises till November 18, 1867, when he conveyed to one Baird, who held possession till December 10, 1870, when he conveyed to the plaintiff, who has ever since been in the possession of the premises.

On these findings of fact, judgment was ordered and entered adjudging that neither of the defendants had any estate or

interest in or claim to the premises, from which judgment this appeal is taken.

At the trial, the defendants, in due order of proof, each offered to show, by competent evidence, that in the suit of Lash against the McClouds and others in the federal court, the defendant Harbert was never served with process, and never appeared in the suit, and never knew of the pendency thereof. They each also offered to show, by competent evidence, that the record of such suit did not show any service of subpœna or other process therein on either of the defendants Harbert or Warren, or any appearance therein by them, except what was shown by the order in such suit taking the bill of complaint therein as confessed by the defendants, and by the final decree of the court therein. To each of these offers the plaintiff objected, as incompetent, irrelevant and immaterial, and to the first, on the additional ground that it contradicted the record of the decree and proceedings in said cause in the United States circuit court; the objections were sustained, and each of the defendants excepted. The order that the bill be taken *pro confesso* does not recite or state the service of any process, but merely recites the failure of the defendants to interpose any plea, answer or demurrer. The decree contains no recital or statement of any service of process, but merely recites that "this day this cause came on to be heard at this term, on the bill and the master's report herein, and was submitted by counsel, the defendants being in default."

*H. J. Horn* and *I. V. D. Heard,* for appellants.

It appearing from the bill in the suit in the federal court that Warren and Harbert were citizens of other states than Minnesota, that court could acquire jurisdiction of them only by service of the subpœna on them within this state, or by their voluntary appearance. 1 U. S. St. at Large, 79, § 11. The jurisdiction of the circuit court being thus limited by statute, there is no presumption in favor of its jurisdiction, but every fact necessary to confer jurisdiction should affirma-

tively appear on the record. *Allan* v. *Blunt*, 1 Blatch. 481; *Knowles* v. *Gas-Light & Coke Co.*, 19 Wall. 58; *Galpin* v. *Page*, 18 Wall. 351; *Ex parte Smith*, 94 U. S. 455. The appellants were not concluded by the record from showing, as a matter of fact, that they were never served with process, and never appeared in the suit, and that therefore the court never obtained jurisdiction over them. *Galpin* v. *Page*, 18 Wall. 351; *Thompson* v. *Whitman*, 18 Wall. 457; *Knowles* v. *Gas-Light & Coke Co.*, 19 Wall. 58; *Elliot* v. *Peirsoll*, 1 Pet. 328.

It appears, from the facts found, that the circuit court had no jurisdiction of the subject-matter in controversy, and its proceedings were void. Lash, the plaintiff, and the defendants Warren and Harbert were the parties interested in the land in controversy, and to invest the circuit court with jurisdiction, it was essential, under the judiciary act, that one of these three parties should be a citizen of the state of Minnesota, where the suit was brought. The two McClouds, the only parties served, were not even necessary parties to the record. 1 U. S. St. at Large, 78, § 11; *Burkham* v. *Beaver*, 17 Ind. 367.

The record of the circuit court does not show that defendants Harbert and Warren were included in the order for taking the bill *pro confesso*, or in the decree, where only they are alluded to, if at all. The general term "defendants," in the order and decree, is satisfied by the inclusion therein of the defendants R. W. and John McCloud, jr., who were inhabitants and citizens of the district of Minnesota.

Harbert, the owner of the equity of redemption, not having had his day in court, the foreclosure proceedings in the Lash suit were a nullity. *Shields* v. *Barrow*, 17 How. 130; *Herndon* v. *Ridgway*, 17 How. 424; *Barney* v. *Baltimore City*, 6 Wall. 281; *Lewis* v. *Hawkins*, 23 Wall. 119; *Glidden* v. *Doe*, 10 Ala. 166; *Haffley* v. *Maier*, 13 Cal. 13; *Goodenow* v. *Ewer*, 16 Cal. 462; *Boggs* v. *Fowler*, 16 Cal. 559; *Reed* v. *Marble*, 10 Paige, 410; *Watson* v. *Spence*, 20 Wend. 260; *Hall* v. *Nel-*

*son*, 23 Barb. 88; *Miner* v. *Beekman*, 11 Abb. Pr. (N. S.) 147; *Morris* v. *Wheeler*, 45 N. Y. 708; *Farwell* v. *Murphy*, 2 Wis. 533.

*Lorenzo Allis*, for respondent.

CORNELL, J. The claim interposed by the defendant Warren was that of a mortgage lien, which is not an estate or interest in land within the meaning of Gen. St. *c*. 75; § 1, as it stood prior to its amendment in 1874. Laws 1874, *c*. 78. Gen. St. (1878) *c*. 75, § 2. As this action was commenced and tried under the original statute, it is evident that this claim presented no proper subject for adjudication in this form of action. *Bidwell* v. *Webb*, 10 Minn. 41 (59;) *Brackett* v. *Gilmore*, 15 Minn. 245. The judgment appealed from is, therefore, correct as to him, however erroneous, abstractly considered, may have been the rulings of the court in the exclusion of evidence of which he complains.

Conceding that the answer of defendant Harbert disclosed an adverse claim, estate or interest in land, proper for determination under the statute, the record before us fairly presents the question whether the judgment which was received in evidence against him was open to attack by parol proof, showing that the court in which it was rendered never in fact acquired any jurisdiction over his person, by service of process or otherwise, he being at the time a resident and citizen of Pennsylvania, and absent from its jurisdiction. That court was the circuit court of the United States holden in and for the district of Minnesota—a district territorially identical with the state. The cause of action upon which the judgment was rendered was one confessedly within the jurisdiction of the court, under the allegations in the bill of complaint in respect to the citizenship and residence of the parties. Though limited in the extent of its jurisdiction, in respect to the causes of action and subjects of which it may take cognizance, within such limits it possesses the same general authority that belonged to superior courts of record at common law, and its judgments and proceedings are

entitled to receive the like favorable presumptions and intendments for their support. In no just sense can it be regarded as a foreign tribunal, or as holding the same relation to the government of this state as is held by the courts of a sister state. It derives its authority from a common national government, whose constitution is alike obligatory upon it and our own courts, as the supreme law in respect to all matters coming within the scope of its provisions. In the determination of all questions properly brought before it for adjudication, it must take cognizance and have reference to the same laws, state and federal, that are binding upon the state courts in the disposition of like questions presented for their decision. Its judgments rendered in this district are operative throughout the state, and may be enforced by execution anywhere within its boundaries. Every suitor therein, feeling aggrieved by any of its decisions or judgments, may, without subjecting himself to a foreign jurisdiction, obtain relief therefrom, if erroneous, as fully as in the state courts, by a direct application to the court itself, or by a review on error or appeal. No good reason occurs why its judgments ought not to be placed on the same footing with the domestic judgments of superior courts of record of our own state, and treated accordingly; and such is undoubtedly the true rule. *Thomson* v. *Lee County*, 22 Iowa, 206; 2 Am. Lead. Cas. 619; *Hughes* v. *Davis*, 8 Md. 271; *Town of St. Albans* v. *Bush*, 4 Vt. 58; *Earl* v. *Raymond*, 4 McLean, 233.

In respect to this class of domestic judgments, whenever their validity is sought to be impeached in any collateral proceeding, the better rule, in our opinion, requires jurisdiction to be conclusively presumed, unless the contrary affirmatively appears upon the face of the record itself. *Hahn* v. *Kelly*, 34 Cal. 391; *Coit* v. *Haven*, 30 Conn. 190. This accords with the decisions of this court in *Kipp* v. *Fullerton*, 4 Minn. 366 (473,) and *State* v. *Macdonald*, 24 Minn. 48, and we feel no hesitation in adopting it as *res adjudicata* in this

state, whatever may be the tendency of the decisions in some other tribunals.

This being the case, defendant's offer was properly excluded, for not only did the judgment fail to disclose any want of jurisdiction over the person of the defendant, but the offer itself conceded that the record was silent upon that subject.

Judgment affirmed.