JOHN C. SHIPLEY and WILLIAM A. WAMPLER, Executors of ELIAS BROTHERS *vs.* WILLIAM SHILLING.

*Statute of Limitations—New promise—Defective Instruction—Prayer too General.*

Where the correctness of the account sued on is otherwise proved, according to the requirements of the law, acknowledgments by the defendants' testator, that the plaintiff had an account against him, and that he owed the plaintiff an account, will be deemed sufficient to remove the bar of the Statute of Limitations, if it be found that such general acknowledgments were intended to apply to the account so proved.

Where a debt is admitted to be due, the law raises by implication a promise to pay it; and it is, therefore, immaterial whether the promise be made in express terms, or be deduced from an acknowledgment as a legal implication; as, in either case, the effect is the removal of the bar of the Statute, and the restoration of the remedy upon the original demand.

But where the new promise is sought to be deduced from a general indefinite acknowledgment, the question is one for the jury to determine, whether the acknowledgment of the debtor, within the period of limitation, applies to the original demand sued on or not. The jury must find to what debt or claim the admission or general acknowledgment referred; and if the plaintiff shows but a single indebtedness, it may apply to that; or if the demand sued for be an account of several items, it may apply to any part thereof, according to the evidence and the finding of the jury; and, in such case, if the debtor alleges that there was a different account or demand to which the general acknowledgment referred, the *onus* of proving that fact rests upon him, as matter of defence.

Shipley and Wampler. Ex'rs *vs.* Shilling.

In an action of *assumpsit*, where the Statute of Limitations was pleaded as a defence, the jury were instructed that if they found the account sued on to be established by the proof before them, and further, that the testator of the defendants, within three years before suit brought, admitted that he was indebted to the plaintiff on account, then the plaintiff was entitled to recover the value of the work and labor, and goods and materials, which the jury might find the plaintiff had performed for, and furnished to, the said testator in his life-time. HELD:

That the instruction was defective in omitting to require the jury to find that the general acknowledgments testified to by the witnesses did in fact refer to the account sued on and none other.

A prayer asking the Court to instruct the jury, that on the pleadings and all the evidence in the cause, their verdict ought to be for the defendants, is too general, and should not be granted.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court. The plaintiff, to maintain the issues joined on his part, further proved by John T. Benson, that in September, 1884, the plaintiff drove Elias Brothers, defendants' testator, down to see witness at his home; that witness was owing Brothers a small note which Brothers wanted renewed; that a new note was written by witness' wife and signed by witness; that plaintiff was about to attest the signature of witness to the note by signing his name under witness' signature, and Brothers seeing what plaintiff was doing, said to him, "Boy, don't put your name there, if you do, they will hold you responsible for the note, and if anything should happen to me, it would be taken off your account which you have against me." And further proved by William H. Hull, that about three years ago he was present at the home of the defendants' testator, when Mrs. Shilling, the wife of the plaintiff, (who is the daughter of said testator), was conversing with said testator about an old threshing machine, and heard said testator say to Mrs. Shilling, "Does William intend to keep the machine?"

Mrs. Shilling replied, that she did not know; testator then said, "If you do keep it, there is one hundred dollars paid on the account which I owe William," (the plaintiff;) plaintiff did not keep the machine, but it was returned to testator, and subsequently sold by him for a small price, and was not worth at the time of said conversation more than twenty dollars.

*Exception.*—The plaintiff offered the two following prayers:

1. That if the jury shall find from the evidence in the cause that the plaintiff performed work and labor, and furnished goods and materials to Elias Brothers, the defendants' testator, in his life-time; and shall further find that the said Brothers, within three years before this suit was brought, admitted that he was indebted to the plaintiff on an account, that then the plaintiff is entitled to recover in this action the value of the work and labor, and goods and materials, which the jury may find the plaintiff performed and furnished, to and for the defendant's testator in his life-time, and the jury are at liberty to allow interest to the plaintiff, if they find for the plaintiff, in their discretion.

2. That if the jury find from the evidence that the defendants' testator, in his life-time, and within three years before this suit was brought, acknowledged that he was indebted to the plaintiff; and shall further find that the plaintiff performed work and labor, and furnished goods and materials to and for the said testator in his life-time, that then the burden of proof is on the defendants to show that the said acknowledgment related to a different demand from the claim sued on in this action.

The defendants offered the three prayers following:

1. That on the pleadings and all the evidence in the cause, the verdict of the jury ought to be for the defendants.

2. That although the jury may find that the plaintiff rendered the services, furnished the materials, and laid out and expended the money for the defendants' testator in his life-time, as testified to by the witnesses in the cause, still the plaintiff is not entitled to recover for the same, if they find that such services, materials and money were done, furnished and expended more than three years before the bringing of this suit, unless they further find from the evidence an assumption or promise by the defendants' testator, within three years before the bringing of this suit, to pay for the same.

3. If the jury should find from the evidence that the cause of action in this cause accrued more than three years before the bringing of this suit, then their verdict must be for the defendants, notwithstanding they may further find that defendants' testator held the conversations at the times and in the manner as testified to by the witnesses, John T. Benson and William H. Hull.

The Court (SMITH, J.,) granted the plaintiff's prayers, and rejected the defendants' first and third prayers, and granted their second prayer as conceded law of the case on the part of the plaintiff.

The defendants excepted, and the verdict and judgment being for the plaintiff, they appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*James A. C. Bond*, for the appellants.

*William L. Seabrook*, and *Charles B. Roberts, Attorney-General*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This was an action of assumpsit brought by the appellee against the appellants as executors of Elias Brothers, de-

ceased. The claim sued on was for work and labor performed, articles furnished, and money paid, for the appellants' testator in his life-time. And among other defences made to the action, the Statute of Limitations was pleaded; and it is under that plea that the questions arise that are presented on this appeal.

At the trial in the Court below, the appellee offered evidence in support of his claim sued for, and also evidence of certain statements or acknowledgments of the appellants' testator, made within three years of the bringing of the action, whereby, as it is contended by the appellee, the bar of the Statute of Limitations was removed. Both parties offered prayers for instruction to the jury; and it is from the ruling of the Court upon those prayers that this appeal is taken. By the exception taken two questions are presented: First, whether the evidence offered to remove the bar of the Statute of Limitations was *legally* sufficient for that purpose, if believed by the jury; and, second, whether the instructions given were sufficiently definite, in requiring the jury to find that the acknowledgments testified to, if found to have been made by the testator, were made with reference to the claim sued for, and none other.

1. With respect to the first question, we are of opinion that the admissions or acknowledgments of the testator, as testified to by the witnesses Benson and Hull, if believed by the jury, were legally sufficient to remove the bar of the Statute; and therefore the Court below was right in rejecting the third prayer of the appellants. The testimony of Benson is explicit to the fact that the testator admitted that the appellee *had an account* against him, the testator; and Hull testifies that he heard the testator say that he *owed* the appellee *an account;* though on neither occasion of making these admissions, was there any account exhibited, or specially mentioned. Such statements, it is true, are very indefinite in their nature, and do not

prove, or tend to prove, the items charged in any particular account. But after the correctness of the account sued on is otherwise proved, according to the requirements of the law, such *general acknowledgments*, if it be found that they were intended to apply to the account so proved, will be deemed sufficient to remove the bar of the Statute. For the principle is now well settled in this State, at least, that where a debt is admitted to be due, the law raises by implication a promise to pay it; and it is therefore immaterial whether the promise be made in express terms, or be deduced from an acknowledgment as a legal implication; as, in either case, the effect is, the removal of the bar of the Statute, and the restoration of the remedy upon the original demand. *Ellicott vs. Nichols,* 7 *Gill,* 96. But when the new promise is sought to be deduced from *a general, indefinite acknowledgment,* such as is relied on in this case, the question is one for the jury to determine, whether the acknowledgment of the debtor, within the period of limitation, applies to the original demand sued on or not. The jury must find to what debt or claim the *admission or general acknowledgment referred;* and if the plaintiff shows but a single indebtedness, it may apply to that; or if the demand sued for be an account of several items, it may apply to any part thereof, according to the evidence and the finding of the jury. And, in such case, if the debtor alleges that there was a different account or demand to which the *general acknowledgment referred,* the *onus* of proving that fact rests upon him, as matter of defence. This is the settled doctrine in this State, and, as it would appear from an approved text writer, is the settled doctrine in many of the other States of the Union. *Guy vs. Tams,* 6 *Gill,* 82; *Coates vs. Sangston,* 5 *Md.,* 132; *Peterson vs. Ellicott,* 9 *Md.,* 63; *Quynn vs. Carroll,* 10 *Md.,* 208; 2 *Greenl. Ev.,* sec. 441, and cases there cited.

2. As to the second question, that depends upon the construction of the prayers granted by the Court. By the

first prayer of the appellee, the jury were instructed, that if they found the account to be established, by the proof before them, and further, that the testator of the appellants, within three years before suit brought, admitted that he was indebted to the appellee on account, then the appellee was entitled to recover the value of the work and labor, and goods and materials, which the jury might find the appellee had performed for and furnished to the said testator, in his life-time. This instruction, as it will be perceived, omitted to require the jury to find that the general acknowledgments testified to by the witnesses, did in fact refer to the account sued on, and none other; and in this respect it would seem to be defective. Nor was the defect cured by the appellee's second prayer, which was also granted by the Court. But, by the second prayer of the appellants, which was granted, the jury were fully and correctly instructed as to the whole inquiry before them. By that instruction, the jury were directed, that though they might find that the appellee rendered the services, furnished the materials, and laid out and expended the money, for the appellants' testator in his life-time, as testified to by the witnesses, still the appellee was not entitled to recover for the same, if they should find that such services were rendered, materials furnished, and money expended, more than three years before action brought, unless they should further find from the evidence an assumption or promise by the appellants' testator, within three years of the time of bringing the suit, to pay for the same. This instruction embraced the whole inquiry, and precluded the right to recover, except upon the condition that the admissions or general acknowledgments, stated in the evidence, were found to have been made within three years of the time of suit brought, and that they applied to the account for which the appellee had sued. And having obtained this instruction, the appellants were fully protected against the possible mis-

leading effect of the appellee's prayers; and therefore they have no good ground of objection to the rulings of the Court on the prayers, when those prayers are read together and taken as an entire instruction upon the question presented.

The first prayer of the appellants, as settled by repeated decisions of this Court, since the Act of 1825, ch. 117, was entirely too general, and was therefore properly rejected by the Court below. And, as we have already stated, the appellants' third prayer was properly rejected, because, if the general admissions or acknowledgments therein referred to were found by the jury, they were sufficient to remove the bar of the Statute.

Finding no such error in the rulings of the Court below as to require the reversal of the judgment appealed from, that judgment must be affirmed.

*Judgment affirmed.*

(Decided 11th February, 1887.)