GEORGE M. RULLMAN, ADMINISTRATOR, *vs.* H. LESTER RULLMAN ET AL.

*Prayer—Assumption of Fact—Variance—Cause of Action— As Part of Declaration—Mortgage—Recital of Debt— Implied Contract—Limitations.*

A prayer that "under the pleadings in this case, the plaintiff has offered no evidence herein legally sufficient to remove the bar of the statute of limitations," and the verdict must be for defendants, is objectionable as assuming that the cause of action has been barred by the statute and requires some evidence to remove the bar.            .            p. 143

A prayer for a directed verdict which refers to the pleadings is objectionable if it fails to point out in what the supposed variance consists.            p. 143

Since Acts 1914, ch. 378, provides that, where provision is made for obtention of speedy judgments, if the cause of action filed with the declaration sets forth plaintiff's claim with the particularity required for a bill of particulars, the said cause of action shall be treated as one of the pleadings, such cause of action must be considered a part of the declaration for the purpose of determining whether the cause of action is a promise under seal, as alleged in the declaration.            pp. 143, 144

An action on an "agreement" in the nature of an equitable mortgage under seal, to secure the payment of a pre-existing debt, but containing no covenant for payment, is to be regarded as an action on an implied contract for the payment of such debt, and as consequently barred by limitations after three years.                                        pp. 144-146

*Decided April 15th, 1925.*

Appeal from the Superior Court of Baltimore City (STAN-TON, J.).

Action by George M. Rullman, administrator of Emma C. Rullman De Meritte, deceased, against H. Lester Rullman and M. Louise Rullman, his wife. From a judgment for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and WALSH, JJ.

*L. B. Keene Claggett,* with whom were *Edgar Allan Poe* and *Bartlett, Poe & Claggett* on the brief, for the appellant.

*Walter C. Mylander,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

The declaration in this case contains the common counts and an additional count as follows:

"7. And for that, the defendants on the 11th day of December, 1911, by their written obligation under seal, now overdue, promised to pay to the late Emma C. Rullman de Meritte, now deceased, and for whose estate the plaintiff is now the duly qualified administrator, the sum of fifteen hundred dollars ($1,500) with interest thereon from December 11th, 1912, but notwithstanding repeated demands made upon the said defendants, they have not paid the same or any part thereof."

The suit was brought under the Act of 1886, chapter 184, known as the Speedy Judgment Act.

There was filed with the *narr.* as an exhibit, the cause of action, as follows:

"Agreement.

"Vale, Md., Dec. 11th, 1911.

*"Know All Men By These Presents*:

"That we, H. Lester Rullman and M. Louise Rullman, his wife, of Vale, Md., hereby sell and assign to Emma C. Rullman, of Baltimore, Md., their farm comprising 200 acres known as La Vista, situated at Vale, Md. This grant is intended as security for the payment of fifteen hundred dollars ($1,500.00) with interest from December 11th, 1912. Previous interest of $90.00 being paid, which payment when made will render this conveyance void.

"In witness whereof we have hereunto set our hand and seal this 28th day of December, 1915.

"H. Lester Rullman　(Seal).

"M. Louise Rullman　(Seal)."

Attached to the declaration is an affidavit under said act.

Defendants pleaded: First: That the alleged cause of action did not accrue within three years before this suit. Second: That they did not promise as alleged. Third: That they never were indebted as alleged.

Plaintiff demurred to the first plea and assigned as ground for demurrer: 1. Because the said plea is bad in substance. 2. Because, while said plea is filed to the declaration and each and every count thereof, the seventh count of the declaration is based upon an instrument under seal signed by the defendants, dated December 28th, 1915, and the right to sue thereon does not become barred by limitations until after the expiration of twelve years from said date and not three years as erroneously stated in said plea.

The demurrer was overruled, whereupon plaintiff replied to said first plea that the alleged cause of action did accrue within three years before this suit.

The case was tried on two issues: 1. Was there an indebtedness? 2. Did the cause of action accrue within three years before the suit?

There were nine exceptions reserved to rulings on evidence and one to the granting of defendants' prayer for a directed verdict offered at the close of plaintiff's testimony. The prayer was as follows:

The defendants pray the court to instruct itself, sitting as a jury, that under the pleadings in this case the plaintiff has offered no evidence herein legally sufficient to remove the bar of the statute of limitations; and the verdict of the court sitting as a jury must be for the defendants.

The form of the prayer is objectionable in that it assumes that the cause of action had been barred by the statute of limitations and requires some evidence to remove the bar; also because it refers to the pleadings without pointing out in what the supposed variance consists.

But the plaintiff's testimony shows that the cause of action had become barred, if the period of limitations applicable to this case was three years, and there is no testimony tending to show that the bar had been removed.

In the view we take of the case it will not be necessary to consider the rulings on the evidence.

If the period of limitations is three years, then the demurrer to defendants' first plea was properly overruled, and they were entitled to a directed verdict.

If the seventh count of the *narr.* could be considered by itself and apart from the cause of action filed with the *narr.*, a different question would be presented, for that count alleges a promise under seal, as to which the period of limitations would be twelve years.

But by chapter 378 of the Acts of 1914 it is provided, "that in all jurisdictions where provision has been or shall be made for the obtention of speedy judgments, when the cause of action filed with the declaration shall set forth plaintiff's claim with the particularity required for a bill of particulars, the said cause of action shall become and be taken and treated as one of the pleadings in the case, and the plaintiff shall be restricted in his evidence to proof of the items so set out."

·Consequently, the agreement filed with the *narr.* must be considered a part of it, and it is to *it,* and not to the allegations in the said seventh count, we must look to see whether the cause of action is a promise under seal. And in examining the "agreement" we find that it is in the nature of an equitable mortgage whereby the makers "sell and assign \* \* \* their farm"; and that the "grant is intended as security for the payment of fifteen hundred dollars (\$1,500.00) with interest from December 11th, 1912. Previous interest of \$90.00 being paid, which payment when made will render this conveyance void." The agreement shows on its face that it was signed and sealed on the 28th day of December, 1915. It contains no covenant to pay the sum referred to. Moreover, it is apparent that it does not purport to *create* an indebtedness, because it refers to a pre-existing debt. At best it contains only such a recital of indebtedness as is frequently found in mortgages.

It was decided by this Court, as far back as 2 Gill, on page 171 of that report, in the case of *Barrell v. Glover,* that an action of debt could not be maintained on a deed of mortgage in the usual form which recited that grantor was indebted in a given sum, but contained no covenant to pay.

It is said in *Venable's Syllabus,* page 214, that when there is no agreement to pay contained in the mortgage there is an implied contract which is barred in three years. And in 27 *Cyc.,* page 1080, it is said that in the absence of an express covenant in a mortgage, a covenant to pay cannot be implied, although in some jurisdictions the law is otherwise.

·We have found no case in Maryland where the decision in .*Barroll v. Glover, supra,* has been overruled either expressly or by necessary implication.

An examination of the cases cited by appellant will reveal that:

In *Shipley v. Shilling,* 66 Md. at page 563, it was said that where a debt is admitted to be due, the law raises by implication a promise to pay it, and the effect of such an acknowledgment is to remove the bar of the statute of limita-

tions and to restore the remedy upon the *original demand.* In that case the period of limitations considered was three years.

In *Johnson v. Hines,* 61 Md. 122, a mortgage was given as additional collateral security for several judgments, including one barred by limitations. Subsequently the property conveyed by said mortgage was sold under a deed of trust. It was held that in the distribution of the proceeds of sale the acknowledgment of the judgment debt in the mortgage was sufficient to give it a place in the audit, in considering priorities, as of the date of the mortgage. That was nothing more than a recognition of the principle that where mortgaged property is sold in other proceedings, which might have been sold under the mortgage itself, the lien will exist against the proceeds of the property sold.

It is true in this case there were expressions used by the judge who wrote the opinion which might be thought to support the contention of appellant, but the majority of the court concurred in the conclusions arrived at in the opinion, and "not in all the reasoning employed by the learned judge who delivered it."

In *Duvall v. Fearson,* 18 Md. 502, the suit was on a judgment in the District of Columbia. Defendant pleaded *"Actio non accrevit infra tres annos."* Plaintiff demurred and the demurrer was sustained. This Court affirmed the ruling, because the statute fixed twelve years as the period in suits on judgments. In *Nelson v. Hagerstown Bank,* 27 Md. 51, a deed absolute in form was intended as a mortgage to secure certain loans made by an aunt to her nephew. The deed was never recorded, apparently because it was found that it did not correctly describe the interest intended to be conveyed. In a creditor's proceeding it was sought by the grantee to have the deed reformed and treated as a mortgage with a proper description of the interest intended to be conveyed; or, failing that, to have the grantee treated as a general creditor to the extent of the money advanced by her. The court held that by reason of intervening equities it was

too late to ask for a reformation of the deed, and that it could not be treated as a specific lien, but that the grantee "ought to be considered a creditor to the amount of her advances made on the faith of the promise of her nephew and the instrument defectively executed, being of opinion that the circumstances will justify this species of relief under the principle recognized in 1 *White & Tudor's Leading Cases in Equity,* 527, where it is said, 'When the specific execution of a parol agreement cannot be decreed, in consequence of the uncertainty in the terms, or of the statute being relied on, the court will, if there is no remedy at law, or it is uncertain or embarrassed, or under circumstances of special equity, decree compensation to the extent of the purchase money paid.' We consider and recognize this defectively executed instrument as evidence of an indebtedness under the hand and seal of Thomas Buchanan to his aunt, and as the assignment and transfer proved inoperative, and she received nothing by virtue of it, she has for the amount of money advanced a *bona fide* and subsisting debt against the estate of Thomas Buchanan, and as her claim was filed before the expiration of twelve years she is not affected by the statute of limitations."

It will be noted that the court acted on the theory that there was *no remedy at law.* It would seem, therefore, that this decision was not intended to overrule *Barroll v. Glover, supra,* or as authority for the proposition that a suit at law could be maintained on such a claim.

If this were a proceeding in equity in the nature of a bill to foreclose, a different question would be presented.

It follows from what we have said that in our opinion the demurrer to defendants' first plea was properly overruled, and that a directed verdict on the ground of limitations was proper. We shall not, therefore, reverse the judgment because of the defects noted in the prayer, which were not prejudicial.

*Judgment affirmed, with costs to appellees.*