NATHAN MUSHER *v.* LIENELLO PERERA.
[No. 103, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Parke, and Sloan, JJ.

*J. A. Dushane Penniman,* for the appellant.

*Arthur R. Padgett,* submitting on brief, for the appellee.

Offutt, J., delivered the opinion of the Court.

This is an appeal from a judgment by default, entered in the Baltimore City Court and extended for $111,932.98, in an action professedly brought under the Speedy Judgment Act of Baltimore (Charter & P. L. L. [1927], sec. 313) by Lionello Perera against Nathan Musher, on an alleged judgment of the Supreme Court of New York County in the State of New York in favor of the former against the latter for $111,783.92.

The plaintiff, appellee here, commenced the action by filing on February 27th, 1930, a declaration, notice to plead, an "exemplified copy of judgment," and an affidavit, under chapter 184 of the Acts of 1886.

On April 15th, 1930, the defendant, appellant here, filed in that court the general issue pleas and a plea of *nul tiel record,* supported by affidavit and a certificate of counsel, as required by Charter & P. L. L. of Baltimore City (1927), sec. 312, and on April 21st, 1930, moved for a rule security for costs, which was laid and satisfied.

On September 18th, 1930, leave was granted to the plaintiff to file an "amended declaration" within fifteen days, and, professing to act under that leave, on September 30th, 1930,

he filed a declaration identical with the original. On January 8th, 1931, the defendant moved to dismiss the case on the ground that no amended declaration had been filed within the time allowed by the court. That motion was overruled, and, the defendant declining to plead to the so-called amended declaration, the plaintiff on June 8th, 1931, moved for a judgment by default "for want of plea," which was entered and extended as stated above.

To bring the action within the terms of the Speedy Judgment Act of Baltimore City, it was necessary for the plaintiff to file with his declaration the "bond bill of exchange, promissory note * * * or other writing by which the defendant is so indebted." Charter & P. L. L. Baltimore City (1927), sec. 313. In attempted compliance with that provision, he filed what purported to be an exemplified copy of the judgment, proceedings, and docket entries of the New York court in the case in which the judgment upon which he sued in the Baltimore City Court was entered. The exemplification, however, was defective, in that the presiding judge in the New York court certified that a person other than the one who certified to the correctness of the transcript was the clerk of that court, authorized to execute such exemplification.

Upon those facts, the appellant contends that he was not required to plead to the "amended declaration," that for that reason his failure to plead was not a default, and that therefore the judgment by default was improvidently entered. The theory upon which that contention rests is that the second so-called "amended declaration" was not in fact an amended declaration, that merely refiling it could not change its character as an original declaration, and that, having pleaded to it once, he was not required to plead to it again. Appellee's theory appears to be that the identity of the two declarations was wholly immaterial, and that, since he filed it as an "amended declaration," it was so far a new pleading that the defendant was obliged to plead anew to it or suffer a default. The point in the case, therefore, is whether the defendant, having pleaded to the original declaration, was

in default for failing to plead to a copy of it when subsequently filed as an amendment.

The supposed exemplification of the judgment, docket entries and proceedings of the New York court was in fact no exemplification at all (Code, art. 35, sec. 43; 28 U. S. C. A., sec. 687, note 81; *Harryman v. Roberts,* 52 Md. 77), was inadmissible as evidence to prove the debt claimed (28 U. S. C. A., sec. 687, note 81), and was therefore not sufficient to bring the action within the terms of the act (*Councilman v. Towson Nat. Bank,* 103 Md. 473, 64 A. 358). But apart from that, the defendant appeared and complied with every requirement of the act necessary to prevent a judgment by default (Charter & L. L. Baltimore City, sec. 312 *et seq.*), by filing pleas, certificate of counsel, and affidavit of defense, and in any case from that time the action proceeded as any other action at common law (*Roth v. Ballimore Trust Co.,* 159 Md. 580, 152 A. 227). So whether the action was originally at common law because of the defective exemplification of the New York record, or whether it was subsequently converted into such an action by defendant's filing the requisite pleas, certificate of counsel, and affidavit of defense, from the time such pleas, affidavits, etc., were filed it proceeded according to the ordinary course of the common law and not under the statute.

So that, whether the proceeding was at common law or under the statute until the court authorized the plaintiff to amend his *narr.,* the defendant had done everything necessary to prevent a judgment by default against him, and the fact that the plaintiff was permitted to file an amended *narr.* could not in itself deprive the defendant of the protection afforded by his pleas, or require him to plead anew, until the plaintiff had in fact filed an amended declaration, and, since no amended declaration was filed, the court had no jurisdiction to enter a judgment by default against the defendant. For the paper filed as an amended declaration is in every respect identical with the original in its text and in its incidents, and was not an amended declaration, and had no effect of any kind on any other paper filed in the

case.   The affidavit required by the act, and actually made in this case, was to the cause of action and not to the *narr.*, and, while the alleged copy of the New York judgment and proceedings incidental thereto could, under chapter 378 of the Acts of 1914, as a cause of action, if the action was brought under the act (*Fast v. Austin,* 135 Md. 19, 107 A. 540; *Rullman v. Rullman,* 148 Md. 143, 129 A. 7), or as a bill of particulars, if at common law, operate to limit the plaintiff's proof and fix the character of the declaration, it is inconceivable that it should have any other or different effect in relation to the so-called amended declaration.   The defendant had once pleaded to the original declaration as affected by the cause of action filed therewith, and there was no possible reason why he shoud have been called upon to plead again to a mere copy of it while the cause of action remained in the case unchanged.   Since the very word "amendment" necessarily connotes a change of some kind, ordinarily for the better, but always a change or alteration (*Words and Phrases,* First, Second and Third Series), to say that a written instrument is amended when no change whatever is made in it is to state a contradiction in terms, while to permit a plaintiff to file and refile and file again copies of the same paper, and, by calling each new filing an amendment, compel the defendant to plead to it, would be a manifest abuse of the orderly processes of judicial procedure.   It follows that in our opinion no change whatever was made in the pleadings by the filing of the second or so-called amended declaration, and since the defendant had filed pleas to the original declaration, the plaintiff, not the defendant, was obliged to take the next step, and, as he failed to reply to the pleas by traverse, demurrer or otherwise, the defendant at least was not in default, and the court was without jurisdiction to enter the judgment in this case, and it must be reversed.

> *Judgment reversed, with costs, and case remanded.*