ALEXANDER ET AL. *v.* HERGENROEDER ET AL.

[No. 86, September Term, 1957.]

*Decided January 21, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Joseph H. Colvin* for the appellants.

*Malcolm J. Coan,* with whom were *Calvert Ross Bregel* and *Howard C. Bregel* on the brief, for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

The appellants, Raphael and David Alexander, brought a suit in assumpsit in the Baltimore City Court against John Hergenroeder, Sr., and Marie Louise Hergenroeder, his wife, and against John E. Hergenroeder, Jr., and Dorothy C. Hergenroeder, his wife. The case grew out of the sale by the Alexanders of an apple orchard in Hampshire County, West Virginia, and certain personal property located on the orchard premises or used in connection therewith. The Alexanders claim that the Hergenroeder wives, as well as their husbands, are liable for the unpaid balance of the purchase price; the Hergenroeders deny that the wives are liable. There were extensive pleadings, motions and hearings in the trial court. Ultimately, judgments were entered against the defendant husbands (sometimes referred to below as the "Husbands") and in favor of the defendant wives (sometimes referred to below as the "Wives"). The appeal is by the plaintiffs from the judgment in favor of the Wives. The Husbands did not appeal.

The plaintiffs' original declaration contained one count, which was based upon a Real Estate and Chattel Deed of Trust (usually referred to below as the "Mortgage"). This document was executed by all four of the defendants. It is dated June 1, 1950, was executed and acknowledged on that date by the Husbands in West Virginia, was executed and acknowledged by the Wives in Maryland on June 9, 1950, and was recorded in the office of the Clerk of the County Court of Hampshire County, West Virginia, on June 15, 1950. The amended declaration repeated as its first count what had been the only count in the original declaration and added a second count based upon eleven promissory notes executed by the Husbands only. Ten of these are referred to in the Mortgage.

The appellants alleged in their first count that they sold the orchard and the personal property above mentioned to all four of the defendants. This was flatly denied by the defendants, who say that the Husbands only were the purchasers. The appellants rely upon the Mortgage to establish liability on the part of the Wives; the defendants asserted

in their affidavits in opposition to each of the plaintiffs' motions for summary judgment that the Wives joined in the Mortgage solely to release their dower interests.

The case turns upon the construction of the Mortgage. Among the provisions thereof which seem pertinent to this controversy are, in substance, the following: first, the recital that the "parties of the first part [i. e., all four of the Hergenroeders] have purchased the hereinafter described real estate * * * and * * * personal property" from the Alexanders and their respective wives; second, the recital that "the parties of the first part have executed this instrument and the negotiable notes herein described, to secure to the * * * Alexander[s] in the payment of $51,250.00 of unpaid purchase money due on the sale of the real estate and personal property hereinafter described * * * subject * * * to a prior lien" thereon (then in amount of about $18,750); third, the grant of the real and personal property to a trustee (the other party to the Mortgage) "to secure Raphael Alexander and David Alexander, * * * beneficiaries under this trust, in the payment of a certain indebtedness of * * *" $51,250.00, "which said indebtedness is evidenced by ten certain negotiable promissory notes of even date herewith each for the sum of * * *" $5,125.00, "made, executed and delivered by the said John Hergenroeder, Sr., and John E. Hergenroeder, Jr., to the said Raphael and David Alexander * * *"; and fourth, provisions for the payment of any net proceeds of sale of the mortgaged property remaining after payment of the indebtedness to the Alexanders "to * * * John Hergenroeder, Sr., and John E. Hergenroeder, Jr., their heirs, personal representatives or assigns."

There are also certain covenants by the "parties of the first part" expressed in the Mortgage, but the only express covenant to be found therein to pay any indebtedness is to pay the indebtedness secured by the prior lien. That indebtedness was paid out of the proceeds of the sale effected by the trustee and no question pertaining to it is here presented.

There is an obvious inconsistency between the recital in the Mortgage that "the parties of the first part have executed

the negotiable notes herein described" and the specific statement when the notes are actually described that they have been executed only by the Husbands. The notes themselves show the latter statement to be correct. It would be a wholly unwarranted stretch of construction to convert the above erroneous recital into the equivalent of an execution of the notes by the Wives or into a covenant on their part to execute the notes. We do not understand the appellants to assert such a construction.

Their claim is that the acknowledgment of the existence of an indebtedness which is contained in the Mortgage is sufficient to create an implied promise to pay it.

Before going further we pause to note that it is possible that a question of conflict of laws might have arisen in this case, if (as we do not undertake to determine) the Mortgage should be construed under the laws of West Virginia rather than of Maryland and if the laws of the two States should happen to differ. However, no such point has been raised or decided (see Rule 885 of the Maryland Rules) and neither side has sought to invoke the law of West Virginia in this court and neither side appears to have made any effort to invoke it in the trial court with regard to the construction of the Mortgage, though Maryland has adopted the Uniform Judicial Notice of Foreign Law Act, which constitutes Secs. 56-62 of Art. 35 of the Code (1951). In these circumstances we shall follow the course pursued in *Prudential Insurance Co. v. Shumaker,* 178 Md. 189, 12 A. 2d 618, and determine the case under the law of Maryland. The same result would also be reached in this case under the rule accepted in Maryland before the enactment of the statute just referred to, that where the law of another State, based upon the common law, is not shown, it will be presumed that its common law is the same as our own. See *State, Use of Allen v. P. & C. R. R. Co.,* 45 Md. 41; *Schaun v. Brandt,* 116 Md. 560, 565, 82 A. 551; *Beale, Conflict of Laws,* Vol. 3, § 623.1, p. 1683. There has been no suggestion that there is any West Virginia statute bearing on the question. Cf. *Crawford v. Richards,* 197 Md. 284, 79 A. 2d 141.

Under the common law of Maryland, the rule is, and long

has been, established that if a mortgage or deed of trust or instrument of like effect is given as security for an indebtedness, but contains no covenant to pay the indebtedness, no implied covenant to do so arises. *Barrell v. Glover,* 2 Gill 171; *Rullman v. Rullman,* 148 Md. 140, 144, 129 A. 7; *Crawford v. Richards, supra.* In the *Crawford* case there were involved both a promissory note dated February 15, 1937, payable one year later, and a deed of trust in the nature of a mortgage (on West Virginia real estate, as it happened) given to secure the note, but it contained no express promise to pay it. This Court, speaking through Judge Markell, said (197 Md. at 287): "Plaintiff says she sues on both the note and the deed of trust—on an 'implied covenant' in the deed of trust to pay the note. The deed of trust contains no covenant to pay the note, and there is no basis for implying such a covenant." In support of this holding the *Rullman* case and *Jones on Mortgages* (8th Ed.) Sec. 837 were cited.

There is one Maryland statute which should be noted, though it was not referred to in either brief or on oral argument. This is Section 55 of Article 21 of the Code (1951) which reads as follows:

"A mortgage of personal property shall be deemed to contain an implied covenant (unless the contrary is therein expressed) by the mortgagor to pay the debt and interest specified in said mortgage."

(There is no comparable Maryland statute as to mortgages of real property.) If we assume (without, however, so deciding) that the Mortgage in the instant case is subject to Section 55 of Article 21, at least to the extent that it relates to personal property, insofar as the Wives are concerned, it is of no effect. This is because the notes secured by the Mortgage, according to the views which have already been stated, were to be executed by the Husbands only. This negatives any intention that the Wives were to be obligated to pay the debt and so brings this case as to them within the exception set out in the statute.

A reference to a pre-existing indebtedness contained in an instrument given as security therefor may remove the bar

of the Statute of Limitations insofar as the prior indebtedness is concerned, as in *Shipley v. Shilling,* 66 Md. 558, 8 A. 355, cited in the *Rullman* case. Yet it is clear from both the *Rullman* and the *Crawford* cases that, in the absence of an express covenant to pay, no new obligation to pay is created. In the *Crawford* case, after rejecting an argument based upon the alleged existence of an express trust as a means of preventing the application of the Statute of Limitations to the promissory note there involved, Judge Markell concluded the opinion of the Court with this paragraph (197 Md. 288): "Furthermore, even if the 1915 and 1935 agreements had created a trust and the trust had continued after the 1937 note and deed of trust were executed, this is not a suit in equity to enforce an express trust, but an action at law on a promissory note. Such an action was barred by limitations after February 15, 1941. There is in the deed of trust no covenant at all to pay the note, on which plaintiff ever could have sued."

Under the above authorities it is unnecessary in this case to go into the construction of the term "parties of the first part" as used in the Mortgage and to attempt to solve all of the problems arising from its use with what may seem to have been a lack of precision. Assuming that the Wives are correctly described through the use of this term as being among the purchasers of the mortgaged property and among those indebted to the plaintiffs for the balance of the purchase price, there is still no covenant on the part of the Wives to pay that indebtedness. The judgment against the Husbands rests upon their liability on the notes quite apart from the provisions of the Mortgage, and was not entered until the notes were produced. Judgment was correctly entered in favor of the Wives.

*Judgment affirmed, with costs.*