CRAWFORD, Administratrix *v.* RICHARDS
[No. 99, October Term, 1950.]

*Decided March 14, 1951.*

The cause was argued before MARBURY, C. J., and
DELAPLAINE, COLLINS, and MARKELL, JJ.

*George E. Brown, Jr.,* for the appellant.

*Charles Z. Heskett* for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a judgment for defendant, on
the defense of limitations, in a suit on a promissory note
of defendant, dated February 15, 1937, for $3,672, pay-
able one year after date to Millard F. Crawford or order,
secured by a deed of trust of the same date, recorded
in West Virginia, from defendant to a trustee, on West
Virginia real estate. The case was tried before Judge
Mish without a jury. The note was not paid at maturity.
The deed of trust was foreclosed in 1945 by sale without
judicial proceedings. Plaintiff received $695.53, leaving
a deficiency of $4,867.55. Suit was instituted in 1948.
The deed of trust is under seal; the note is not.

By an assignment dated April 2, 1941, recorded in
West Virginia, Crawford assigned the deed of trust to
his wife. Plaintiff is their daughter; she sues as admin-
istratrix of her mother's estate. It is alleged in the
declaration, not denied in any of the pleas, and stated
in Judge Mish's opinion and in the briefs of both parties,
that on April 2, 1941 "the note and deed of trust" were
assigned by Crawford to his wife. We find in the record
no assignment, in terms, of the note. No West Virginia
statute has been cited, and we have found none, similar
to the Maryland statute under which an assignment of a
mortgage operates, to some extent, as an assignment of
the note secured by the mortgage. Code, Art. 66, sec.
26. We cannot presume that there is such a statute in
West Virginia. *Dickey v. Pocomoke City Nat. Bank,*

89 Md. 280, 43 A. 33. We shall, however, assume that the note was assigned by some other instrument or that under West Virginia law in some way the assignment of the deed of trust operated as an assignment of the note. If suit on the note was already barred by limitations before the assignment of the deed of trust, assignment of the note may be of no importance. Plaintiff is administratrix *d. b. n.* of her father's estate, and originally sued in that capacity and also as her mother's administratrix. After rulings on demurrers, she was eliminated as a party in the former capacity.

By an agreement between Crawford and defendant dated July 14, 1915, Crawford promised to retain defendant as his attorney to invest money for him, from time to time, in six percent notes secured by first mortgage real estate security, in consideration of which defendant promised to invest the money so placed in his hands, attend to the collection of interest, keep in force all insurance on the mortgaged property without cost to Crawford, and in case any of the mortgages are foreclosed and no third person bids sufficient at the sale to secure the mortgagee's interest, promises to buy the property and carry the mortgage, and pay interest on it and pay the mortgage off in full within one year after the sale, if requested to do so by Crawford. Plaintiff says this 1915 agreement, though not under seal, should be considered as if under seal—a contention not only pointless but also irrelevant. An agreement under seal, dated May 3, 1935, between defendant and Crawford, recites that Crawford is the owner of certain mortgages and deeds of trust on properties in Maryland and West Virginia, these mortgages and deeds of trust were guaranteed by defendant as consideration for the making of the loans, some of the properties are now owned by defendant, and Crawford desires further security in case defendant should die before the mortgages and deeds of trust have been paid; therefore, in consideration of securing the personal guaranty of defendant in case of his death before the mortgages and deeds of trust have

been paid, defendant agrees to assign to Crawford all his equity in a named $2,000 life insurance policy, the assignments to be void if the mortgages and deeds of trust are paid during defendant's life, otherwise Crawford to retain as much of the insurance as is necessary to pay any deficit of the mortgages and deeds of trust.

From letters from defendant to Crawford in February, 1937, and testimony of defendant (called as a witness by plaintiff), it appears that the 1937 note and deed of trust were given to take up three deeds of trust of one Alkire, on West Virginia real estate, which matured on February 15, 1937, and were released. Defendant had taken over the Alkire property. He says he gave the note and deed of trust to protect Crawford's interest, out of friendship, not for any payment to him or pursuant to any agreement [e.g., of 1915 or 1935?] with Crawford. He says Crawford went over the property subject to the deed of trust before the deed was made.

Plaintiff says she sues on both the note and the deed of trust—on an "implied covenant" in the deed of trust to pay the note. The deed of trust contains no covenant to pay the note, and there is no basis for implying such a covenant. *Rullman v. Rullman*, 148 Md. 140, 144, 129 A. 7; *Jones on Mortgages*, (8th Ed.), § 837.

Plaintiff says the defense of limitations is not open to defendant because the agreements of 1915 and 1935—and the 1937 note and deed of trust—created an express trust. Plaintiff says that when money is put into the hands of an attorney to hold and invest it for the benefit of another, an express trust is created and limitations is not a defense to a claim for an accounting. *Soar v. Ashwell*, [1893] 2 Q. B. 390. *Cf. Tyson v. George's Creek Coal & Iron Co.*, 115 Md. 564, 579-581, 81 A. 41. In England, as in Maryland, the defense of limitations ordinarily is applicable to constructive trusts, but not to express trusts, and a claim against an attorney for negligence in advice or attention—e.g., inattention—with respect to a particular investment, which may be barred by limitations, is distinguished from a claim for account-

ing for an express trust, to which limitations is not a defense. *Dooby v. Watson*, 39 Ch. D. 178. We need not consider whether or not, by reason of more recent British statutes, the law of England as to limitations in equity is different from the law of Maryland. The mere existence of fiduciary relations between the parties to a suit does not exclude the defense of limitations. *Planters' Bank v. Farmers' & Mechanics' Bank*, 8 Gill & J. 449, 468. Plaintiff's conclusion is not supported by her premises, and the premises are not supported by the facts.

The 1915 and 1935 agreements have no bearing on the instant case. Neither agreement is perpetual, and neither creates a trust. The 1915 agreement was at most a limited contract of guaranty of obligations of third persons to Crawford. There is no evidence that Alkire's obligations were ever subject to the 1915 agreement, or that defendant was ever requested, pursuant to that agreement, to buy in the properties or pay off the deeds of trust. The 1935 agreement was only an assignment to secure the previous guaranty. Any guaranty of the Alkire obligations came to an end when those obligations were released, and were superseded by the 1937 note and deed of trust. In other words, the guaranty of Alkire's obligations was supplanted by a direct obligation of defendant.

Furthermore, even if the 1915 and 1935 agreements had created a trust and the trust had continued after the 1937 note and deed of trust were executed, this is not a suit in equity to enforce an express trust, but an action at law on a promissory note. Such an action was barred by limitations after February 15, 1941. There is in the deed of trust no covenant at all to pay the note, on which plaintiff ever could have sued.

*Judgment affirmed, with costs.*